# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **23-00184-eg**
Adversary Proceeding Number: **23-80013-eg**

### Order

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**04/04/2023**



Entered: 04/04/2023

Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Scott Matthew Huggins,<br><br>Debtor | Chapter 13<br><br>Case No.  23-00184-eg |
| Scott Matthew Huggins<br>Plaintiff(s),<br><br>v.<br><br>Louise Grant,<br><br>Defendant(s). | Adv. Proc. No.  23-80013-eg<br><br><br>**CONSENT SCHEDULING ORDER** |

**TO: PLAINTIFF(S) AND DEFENDANT(S) ABOVE-NAMED:**

The above captioned adversary proceeding was ~~filed with~~ removed to this Court on February 22, 2023, pursuant to 28 U.S.C. § 1452 -EG. The issues having been joined, the Court enters this scheduling order to expedite the disposition of this proceeding.

In accordance with Rule 16(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) (made applicable herein by Rule 7016 of the Federal Rules of Bankruptcy Procedure (Fed. R. Bankr. P.)), the following schedule is established:

1. The Parties no longer need to join parties and have agreed to amend the pleadings according to the following terms: The Plaintiff shall amend its complaint by April 14, 2023. Defendant will then have until April 29, 2023 to amend or otherwise answer Plaintiff's amended complaint.

2. To the extent there is any dispute amongst the parties as to whether the entry of final orders or judgments by this Court on any issue in this adversary proceeding or to the extent that a party wants to seek withdrawal of the reference or a motion for abstention, any such motion should be filed by April 29, 2023.  Nothing in this paragraph limits this Court's ability to determine *sua sponte* whether this proceeding is a core proceeding under 28 U.S.C. § 157(b)(3) or otherwise subject to entry of final order or judgment by this Court.

3. Discovery having been previously conducted is closed. The Parties to the litigation indicated that they would participate in informal discovery. Counsel are encouraged to participate in pre-trial discovery conferences in order to decrease, in every way possible, the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel have explored with opposing counsel the possibility of resolving the discovery matters in controversy (*See* SC LBR 7026-1(c));

4. Motions, other than those set forth in paragraph 1 above shall be filed and served on or before May 15, 2023. Motions for Summary Judgment having already been filed, no such motions shall be permitted. If motions are filed, they shall be heard at the pretrial conference unless otherwise scheduled by the Court. Any objections or other responses to such a motion shall be filed and served on or before May 29, 2023. The filing of a motion pursuant to this paragraph shall suspend the requirement of the submission of a Joint Pretrial Order as set forth in paragraph ~~4 below~~ **6 below.** -EG In that event, the Joint Pretrial Order shall be required on a date set at the pretrial conference. If a date is not set, the Joint Pretrial Order shall be submitted no later than ten (10) business days before the trial.

5. The Parties have indicated an intent to conduct a mediation on these issues. The Court is not requiring this mediation and the Parties have agreed to conduct the meditation on or before May 29, 2023. **To the extent the parties decide to proceed with mediation, by no later than May 5, 2023, the parties shall file a proposed consent order consistent with the requirements of SC LBR 9019-2 and outlining, among other things, the identity of the proposed mediator, the proposed fees of the mediator, and how they are to be apportioned amongst the parties. A mediation report should be filed on or before June 5, 2023.** -EG

6. ~~If no motions are filed~~ **To the extent that the parties do not proceed with mediation or to the extent mediation does not lead to a settlement of all issues in this adversary proceeding,** -EG the parties are hereby Ordered to prepare and file no later than _5:00p.m on June 15, 2023 a Joint Pretrial Order, approved by counsel in writing, which sets forth:

   a. The facts which are admitted and require no proof;

   b. The facts which remain to be litigated (evidence at trial will be limited to these issues). To the extent that parties are unable to agree on the facts, the pretrial stipulation should set forth each party's version of the facts.

   c. A list of exhibits to be introduced at the hearing, in the sequence proposed to be introduced, with a description of each sufficient for identification, together with a statement of any objections thereto (with specific grounds stated), and a statement confirming the fact that the parties have exchanged copies of said exhibits. The original and three copies of all paper exhibits shall be submitted to the courtroom deputy at the same time as the Joint Pretrial Order.[2] Trial exhibits are not to be filed on CM/ECF. Exhibits to be used only for impeachment need not be identified. Failure to exchange and submit exhibits in a timely fashion may result in the Court striking the proceeding from its calendar, denying admission of the exhibits, or considering appropriate sanctions. At trial, the proponent of an exhibit shall provide copies, pre-marked for identification, for all opposing counsel and for the witness stand. Consult Chambers Guidelines for information concerning electronic evidence presentation.

    d.   The rule(s) of bankruptcy procedure, the section(s) of the United States Bankruptcy Code, the sections(s) of state law, and/or all case law authority, if any, on which the parties are relying. A copy of all case law authority to be relied upon should be submitted with the Joint Pretrial Order, if not previously provided to the Court. The presentation of authority may be made in the form of a Trial Brief which complies with the requirements of this paragraph;

    e.   The issues to be determined;

    f.   A separate list by each party of those witnesses whom each will present at the trial and those witnesses whom each may present at trial. Testimony will be limited to that given by the witnesses so identified, except as may otherwise be permitted by the Court. The statement by a party that a witness will be present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain the testimony of the witness. Witnesses to be used only for impeachment need not be identified.

    g.   A separate list by each party of any witnesses whose testimony will be offered by deposition together with a statement of objections, if any, by opposing parties to the use of any portion of said depositions;

    h.   Whether a pretrial settlement conference would be beneficial; and

    i.   Whether the parties are ready for trial.

7. The parties need not agree on every matter contained therein to submit a pretrial order as joint. In the event counsel for the parties or parties appearing *pro se* are unable to agree on a Joint Pretrial Order, after demonstrated efforts, each shall submit a separate proposed Pretrial Order no later than the due date provided herein.

8. Failure to submit timely a Joint Pretrial Order or Pretrial order and exhibits may result in the Court's striking the proceeding from its calendar or considering appropriate sanctions.

9. After its submission, the Joint Pretrial Order may not be amended without a finding of good cause by the Court. Once entered, the Joint Pretrial Order will control the subsequent course of the proceeding set for trial, unless relief therefrom is granted to avoid manifest injustice (Fed. R. Civ. P. 60).

10.    In accordance with Fed. R. Civ. P. 26(a)(2), each party shall identify any expert witness to be used in this proceeding, provide the expert's deposition prior to the conclusion of discovery, unless otherwise ordered by the Court. Disclosure of the intention to use an expert witness and the name of the expert should have been made during the initial meeting of counsel or the parties following joinder of the issues. Subsequent disclosures of expert witness, if permitted, must be made in a timely manner that allows a reasonable opportunity for the opposing party to retain a rebuttal expert prior to the conclusion of

discovery and allows for a reasonable opportunity for expert witness to be deposed prior to conclusion of discovery.

11. If this adversary proceeding requires a change of schedule from the schedule set forth herein, a party in interest may timely move to amend this order. The movant must indicate the reasons for the requested amendment and whether all parties consent. A deadline established by this order will be extended only upon a showing of good cause. In the absence of disabling circumstances, the deadline for completion of discovery will not be extended unless there has been active discovery and a good faith effort to comply with the discovery schedule. An agreement to modify a deadline or a request to so modify is not effective absent entry of an amended scheduling order by the Court.

12. In the event the parties agree that discovery is concluded or unnecessary and that they are ready for trial, a trial date may be immediately requested. Such a request shall estimate the time necessary for trial.

13. The parties shall comply with SC LBR 7026-1 pertaining to discovery and all applicable rules and chambers guidelines pertaining to requests for continuances or settlements.

14. **A pre-trial conference will be held before this Court after expiration of the deadlines set forth herein** to determine the trial date, hear any outstanding motions and consider any other matters appropriate under the circumstances of the case. The pre-trial conference shall be attended by the attorneys who will conduct the trial for each of the parties, or by parties appearing *pro se*. The Court expects that the attorneys for each party participating in any conference before the trial shall be prepared to estimate the time necessary for trial and shall have authority to enter into stipulations, to discuss settlement, and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed. Following the conclusion of the pre-trial conference, the Court may proceed with the trial of the proceeding or may enter an order setting a date for a further pretrial conference, a date for the filing of further proposed orders or briefs, and the trial date.

15. Filing a motion and failing to prosecute the motion may be construed by this Court as evidence that the motion was not filed in good faith or was filed for an improper purpose and may be subject to appropriate sanctions. The Court, on its own initiative, may impose sanctions against a party or party's attorney failing to obey the scheduling order, failing to make an appearance at a pretrial conference, failing to be prepared to participate in the conference, or failing therein to participate in good faith.

16. The failure to abide by the terms of this order or to appear and be ready in accordance with this order may be determined as a failure to prosecute this adversary proceeding pursuant to Fed. R. Bankr. P. 7041 and Fed. R. Civ. P. 41.

**AND IT IS SO ORDERED.**

**WE SO CONSENT**

**Markham Law Firm, LLC**

  /s/Sean Markham
Sean Markham, I.D. # 10145
Attorney for Scott Matthew Huggins
P.O. Box 101
Mount Pleasant, SC 29465-0101
Tel: 843-284-3646
sean@markhamlawsc.com



/s/ J. Ronald Jones, Jr.
J. Ronald Jones, Jr.
U.S. District Court ID 5874
Smith Debnam Narron Drake
Saintsing & Myers, LLP
171 Church Street, Suite 120C (29401)
P. 0. Box 22795
Charleston, SC 29413
Telephone: (843) 714-2535
Facsimile: (843) 714-2541
Email: rjones@smithdebnamlaw.com



/s/   James Wyman
James Wyman, Trustee Dist Ct ID 5552
Beth Renno, Staff Attorney Dist Ct ID 5627
Office of the Chapter 13 Trustee
P.O. Box 997
Mt. Pleasant, SC  29465-0997
Tel. (843) 388-9844
13office@charleston13.com