## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| Scott Matthew Huggins, | ) | |
| | ) | Case No. 23-00184-eg |
| Debtor | ) | |
| ⸻ | ) | |
| | ) | |
| Scott Matthew Huggins, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | A. P. No. 23-80013-eg |
| | ) | |
| Louise Grant, | ) | **AMENDED ANSWER** |
| | ) | **AND COUNTERCLAIMS** |
| Defendant | ) | |
| ⸻ | ) | |

NOW COMES, Defendant Louis Grant, by and through undersigned counsel in answer to the Amended Complaint Post Removal to Bankruptcy Court ("Amended Complaint") and states that each and every allegation contained in the Amended Complaint not specifically admitted herein is denied. In answer to the specific allegations contained in the Amended Complaint, the Defendant states as follows:

1.     The Defendant agrees that the claims of the parties to this action arise out of and are related to the Chapter 13 case of Scott Matthew Huggins, Case No. 23-00184-eg in which Louise Grant ("Grant") holds a claim against the above-referenced Debtor.

1

2.      Grant consented to the removal of a State Court action pending in Circuit Court in Charleston County, South Carolina, and the matter is properly before the Court.

3.      The issues have been joined as amended by the Amended Complaint and this Response and Defendant craves reference to the record of the action removed to this Court, including, the pleadings, motions, orders and other documents filed in the State Court action.

4.      Defendant believes that the Court has jurisdiction over these claims and this Adversary Proceeding.

5.      Defendant believes that this is core proceeding and that it is related to the Debtor's Bankruptcy case.

6.      The allegations contained in Paragraph 6 of the Amended Complaint require no response and the same are therefore denied.

7.      The allegations contained in Paragraph 7 of the Amended Complaint are admitted.

8.      The allegations contained in Paragraph 8 of the Amended Complaint are admitted upon information and belief.

9.      The allegations contained in Paragraph 9 of the Amended Complaint are admitted.

10.     The allegations contained in Paragraph 10 of the Amended Complaint are denied.

11.     The Defendant admits that the property which is the subject of this matter is located in Charleston County.  The remaining allegations contained in Paragraph 11 of the Amended Complaint are denied.

12.     The allegations contained in Paragraph 12 of the Amended Complaint are admitted.

13.     The allegations contained in Paragraph 13 of the Amended Complaint are admitted.

14.     Defendant admits that in 1998, the property was encumbered by a mortgage. ***(Need to know who was on the Note and Mortgage at the time.)***

15.     The allegations contained in Paragraph 15 of the Amended Complaint are admitted.

16.     The Death Certificate identified in the Amended Complaint is apparently a public record which speaks for itself and to the extent the allegations contained in Paragraph 16 of the Amended Complaint are inconsistent with the document referred to, the same are denied.

17.     The Defendant admits that she was lawfully married to Andrew Grant at the time of his death in 1996.

18.     The Defendant admits that a Probate Case was commenced in Charleston County in 1996.

19.     Exhibit B appears to be a copy of document entitled Last Will and Testament date August 19, 1996.  To the extent that Exhibit B is a document filed

in the Probate Case, said document speaks for itself and any allegation contained in Paragraph 19 inconsistent with the document is denied.

20.    Defendant admits that a foreclosure action was commenced related to the property described herein.  The pleadings filed in the foreclosure action are a matter of public record and any allegations inconsistent with the documents filed in the foreclosure case are denied.

21.    Defendant admits that she was approached by the Plaintiff who promised to be "her guardian angel," who would help her resolve the pending foreclosure matter, the remaining allegations contained in Paragraph 21 are denied.

22.    The allegations contained in Paragraph 22 of the Amended Complaint are denied.

23.    The allegations contained in Paragraph 23 of the Amended Complaint are denied.

24.    The allegations contained in Paragraph 24 of the Amended Complaint are denied.

25.    The Defendant admits that she executed a Quitclaim Deed upon the insistence of the Plaintiff who, without the assistance of an attorney, performed numerous acts constituting the unauthorized practice of law.

26.    The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and the same are therefore denied.

27.     The Defendant admits that a deed and Affidavit were prepared by an Attorney identified as "Attorney Preparing Deed" dated July 23, 1998. The document attached as Exhibit F contains no recording information and Defendant cannot determine whether the document is a true and correct copy of the document it is alleged to be and the allegations regarding it are therefore denied.

28.     The Defendant admits that she agreed to make payments under the document she executed at the insistence of the Plaintiff. The remaining allegations of Paragraph 38 of the Amended Complaint are denied.

29.     The allegations contained in Paragraph 29 of the Amended Complaint are denied.

30.     The allegations contained in Paragraph 30 of the Amended Complaint are denied.

31.     The allegations contained in Paragraph 31 of the Amended Complaint are denied.

32.     Though inconsistent with previous allegations contained in the Complaint, Defendant admits that she made payments to the Plaintiff as set forth in Paragraph 32 and continued to make payments thereafter.

33.     The allegations contained in Paragraph 33 of the Amended Complaint are admitted.

34.     The allegations contained in Paragraph 34 of the Amended Complaint are admitted.

35.    The allegations contained in Paragraph 35 of the Amended Complaint are admitted.

36.    The Defendant craves reference to the actual record of the Bankruptcy Court case identified in Paragraph 36. To the extent that the allegations contained in Paragraph 36 are inconsistent with the official records maintained in Court records, the same are denied.

37.    The Defendant craves reference to the actual record of the Bankruptcy Court case identified in Paragraph 37. To the extent that the allegations contained in Paragraph 37 are inconsistent with the official records maintained in Court records, the same are denied.

38.    The Defendant craves reference to the actual record of the Bankruptcy Court case identified in Paragraph 38. To the extent that the allegations contained in Paragraph 38 are inconsistent with the official records maintained in Court records, the same are denied.

39.    The Defendant craves reference to the actual record of the Bankruptcy Court case identified in Paragraph 39. To the extent that the allegations contained in Paragraph 39 are inconsistent with the official records maintained in Court records, the same are denied.

40.    The Defendant craves reference to the actual record of the Bankruptcy Court case identified in Paragraph 40. To the extent that the allegations contained in Paragraph 40 are inconsistent with the official records maintained in Court records, the same are denied.

41.    The Defendant craves reference to the actual record of the Bankruptcy Court case identified in Paragraph 41. To the extent that the allegations contained in Paragraph 41 are inconsistent with the official records maintained in Court records, the same are denied.

42.    The Defendant craves reference to the actual record of the Bankruptcy Court case identified in Paragraph 42. To the extent that the allegations contained in Paragraph 43 are inconsistent with the official records maintained in Court records, the same are denied.

43.    The Defendant craves reference to the actual record of the Bankruptcy Court case identified in Paragraph 43. To the extent that the allegations contained in Paragraph 43 are inconsistent with the official records maintained in Court records, the same are denied.

44.    The Defendant craves reference to the actual record of the Bankruptcy Court case identified in Paragraph 44. To the extent that the allegations contained in Paragraph 44 are inconsistent with the official records maintained in Court records, the same are denied.

45.    The Defendant craves reference to the actual record of the Bankruptcy Court case identified in Paragraph 45. To the extent that the allegations contained in Paragraph 45 are inconsistent with the official records maintained in Court records, the same are denied.

46.    The Defendant craves reference to the actual record of the Bankruptcy Court case identified in Paragraph 46. To the extent that the allegations contained

in Paragraph 46 are inconsistent with the official records maintained in Court

records, the same are denied.

47.     The Defendant craves reference to the actual record of the Bankruptcy

Court case identified in Paragraph 47.  To the extent that the allegations contained

in Paragraph 47 are inconsistent with the official records maintained in Court

records, the same are denied.

48.     The allegations contained in Paragraph 48 of the Amended Complaint

are denied.

49.     The allegations contained in Paragraph 49 of the Amended Complaint

are denied.

50.     The allegations contained in Paragraph 50 of the Amended Complaint

are denied.

51.     The allegations contained in Paragraph 51 of the Amended Complaint

are denied.

52.     The Defendant admits that an action was commenced in Charleston

County Magistrate's Court.  The remaining allegations contained in Paragraph 52

of the Amended Complaint are denied.

53.     The Defendant admits that the action was transferred to the

Charleston County Master in Equity.  The remaining allegations contained in

Paragraph 53 of the Complaint are denied.

54.     The Defendant admits that she remains in possession of the property

which is the subject of this action, but denies she owes any rent to the Plaintiff and

remaining allegations contained in Paragraph 54 of the Amended Complaint are denied.

55. The allegations contained in Paragraph 55 of the Amended Complaint are denied.

56. The allegations contained in Paragraph 56 of the Amended Complaint are denied.

57. The allegations contained in Paragraph 57 of the Amended Complaint are denied.

58. The allegations contained in Paragraph 58 of the Amended Complaint are denied.

59. The allegations contained in Paragraph 59 of the Amended Complaint are denied.

60. The allegations contained in Paragraph 60 of the Amended Complaint are denied.

61. The allegations contained in Paragraph 55 of the Amended Complaint are denied.

62. The Defendant restates and incorporates its responses to previous paragraphs of the Amended Complaint as if set forth fully herein.

63. The allegations contained in Paragraph 63 of the Amended Complaint contain conclusions of law which require no response and the same are therefore denied.

64.     The allegations contained in Paragraph 64 of the Amended Complaint are denied.

65.     The allegations contained in Paragraph 65 of the Amended Complaint are denied.

66.     The allegations contained in Paragraph 66 of the Amended Complaint are denied.

67.     The allegations contained in Paragraph 67 of the Amended Complaint are denied.

68.     The allegations contained in Paragraph 65 of the Amended Complaint are denied.

69.     The Defendant avers to the official record of her Bankruptcy case and the Schedules filed therein and denies any allegation contained in Paragraph 69, express or implied, inconsistent therewith.

70.     The allegations contained in Paragraph 70 of the Amended Complaint contain conclusions of law which require no response and the same are therefore denied.

71.     The Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 71 of the Amended Complaint and ths same are therefore denied.

72.     The Defendant admits that the Plaintiff insisted that she sign the Addendum referred to in Paragraph 72 of the Amended Complaint.  The remaining allegations contained in Paragraph 72 of the Amended Complaint are denied.

73.    The allegations contained in Paragraph 73 of the Amended Complaint are denied.

74.    The Defendant, having paid the Plaintiff more than $75,000.00 since 1998, admits that she made no further payments to the Plaintiff. The remaining allegations contained in Paragraph 74 of the Amended Complaint, express or implied, are denied.

75.    The Defendant, having paid the Plaintiff more than $75,000.00 since 1998, admits that she made no further payments to the Plaintiff. The remaining allegations contained in Paragraph 75, express or implied, are denied.

76.    The Defendant admits that she received a letter from the Plaintiff purporting to provide notice and terminating the agreement. The remaining allegations contained in Paragraph 76, express or implied, are denied.

77.    The allegations contained in Paragraph 77 of the Amended Complaint are denied.

78.    The allegations contained in Paragraph 78 of the Amended Complaint contain conclusions of law which require no response and the same are therefore denied.

79.    The allegations contained in Paragraph 70 of the Amended Complaint contain conclusions of law which require no response and the same are therefore denied.

80.    The Defendant restates and incorporates its responses to previous paragraphs of the Amended Complaint as if set forth fully herein.

81.    The allegations contained in Paragraph 82 of the Amended Complaitn are denied.

82.    The allegations contained in Paragraph 82 of the Amended Complaint are denied.

83.    The Defendants admits that she has an interest in the property which shall be determined by the Court.

84.    The allegations contained in Paragraph 84 of the Amended Complaint are denied.

85.    The Defendant does not have information sufficient to form a belief as to the allegations contained in Paragraph 85 of the Amended Complaint and the same are therefore denied.

86.    The allegations contained in Paragraph 86 of the Amended Complaint are denied.

87.    The allegations contained in Paragraph 88 of the Amended Complaint are denied.

88.    The allegations contained in Paragraph 84 of the Amended Complaint are denied.

89.    The Defendant restates and incorporates its responses to previous paragraphs of the Amended Complaint as if set forth fully herein.

90.    The allegations contained in Paragraph 90 of the Amended Complaint are denied.

91.    The allegations contained in Paragraph 91 of the Amended Complaint are denied.

92.    The Defendant admits that she agreed to make payments under the document she executed at the insistence of the Plaintiff.  The remaining allegations of Paragraph 92 of the Amended Complaint, express or implied, are denied.

93.    The allegations contained in Paragraph 93 of the Amended Complaint, express or implied, are denied.

94.    The Defendant admits that she continued to make payments under the agreement with the Plaintiff.  The remaining allegations contained in Paragraph 94, express or implied, are denied.

95.    The allegations contained in Paragraph 95 of the Amended Complaint, express or implied, are denied.

96.    The allegations contained in Paragraph 96 of the Amended Complaint, express or implied, are denied.

97.    The Defendant admits that she executed an Addendum/Amendment at the insistence of the Plaintiff who gave her no choice, but to sign the document or be considered in default and losing her interest in the property.  The remaining allegations contained in Paragraph 97 of the Amended Complaint are denied.

98.    The allegations contained in Paragraph 98 of the Amended Complaint, express or implied, are denied.

99.    The allegations contained in Paragraph 99 of the Amended Complaint are denied.

100.   The allegations contained in Paragraph 100 of the Amended Complaint are denied.

101.   The allegations contained in Paragraph 101 of the Amended Complaint are denied.

102.   The allegations contained in Paragraph 102 of the Amended Complaint are denied.

103.   The allegations contained in Paragraph 103 of the Amended Complaint are denied.

104.   The allegations contained in Paragraph 104 of the Amended Complaint are denied.

105.   The Defendant restates and incorporates its responses to previous paragraphs of the Amended Complaint as if set forth fully herein.

106.   The Defendant avers to the official record of her Bankruptcy case and the Schedules and documents filed therein and denies any allegation contained in Paragraph 106 of the Amended Complaint.

107.   At the time of the filing of the Chapter 13 case, the Defendant was making payments under her agreement with the Plaintiff.  The remaining allegations contained in Paragraph 107 of the Amended Complaint, express or implied are denied.

108.   The Defendant avers to the official record of her Bankruptcy case and the Schedules and documents filed therein and denies any allegation contained in Paragraph 108 of the Amended Complaint.

109.   The Defendant avers to the official record of her Bankruptcy case and the Schedules and documents filed therein and denies any allegation contained in Paragraph 109 of the Amended Complaint.

110.   The Defendant avers to the official record of her Bankruptcy case and the Schedules and documents filed therein and denies any allegation contained in Paragraph 110 of the Amended Complaint.

111.   The Defendant avers to the official record of her Bankruptcy case and the Schedules and documents filed therein and denies any allegation contained in Paragraph 111 of the Amended Complaint.

112.   The Defendant avers to the official record of her Bankruptcy case and the Schedules and documents filed therein and denies any allegation contained in Paragraph 112 of the Amended Complaint.

113.   The Defendant avers to the official record of her Bankruptcy case and the Schedules and documents filed therein and denies any allegation contained in Paragraph 113 of the Amended Complaint.

114.   The Defendant avers to the official record of her Bankruptcy case and the Schedules and documents filed therein and denies any allegation contained in Paragraph 114 of the Amended Complaint.

115.   The allegations contained in Paragraph 115 of the Amended Complaint contain conclusions of law which require no response and the same are therefore denied.

### First Affirmative Defense
### (Equitable Defenses)

Plaintiff claims are barred, in whole or in part, by the equitable doctrines of unclean hands, duress, laches, estoppel and/or waiver.

### Second Affirmative Defense
### (Collateral Estoppel/Res Judicata)

Certain claims and issues raised by the Plaintiff in the State Court action have been decided by the State Court and the Plaintiff may not relitigate these issues under the principles of collateral estoppel and res judicata.

### Third Affirmative Defense
### (Offset)

In the event that Defendant is found to be liable to Plaintiff for any amount, which Defendant expressly denies, that amount must be offset by any and all amounts owed to Defendant by Plaintiff.

### Fourth Affirmative Defense
### (Unauthorized Practice of Law)

Plaintiff's claims are barred by the doctrine of unclean hands, including actions constituting the unauthorized practice of law in closing a real estate transaction with an attorney. *Matrix Financial Services Corp. v. Frazer*, 394 S.C. 134, 138, 714 S.E.2d 532, 534 (2011).

### Fifth Affirmative Defense
### (Violations of Realtor's Code of Ethics and Standards of Practice)

Plaintiff, a licensed realtor who represented to the Defendant that he was a real estate expert, violated various Standards of Practice as defined in the Realtors Code of Ethics by engaging in activities that constitute the unauthorized practice of law, predatory lending practices and by failing to advise the Defendant to obtain legal counsel knowing that the Defendant was unsophisticated in financial matters involving real estate and with respect to the transaction the Plaintiff induced the Defendant to enter into the Repurchase Agreement and the Amendment.

### Sixth Affirmative Defense
### (Payment)

Plaintiff's claims are barred due to Defendant's payment of the loan from Plaintiff.

### Seventh Affirmative Defense
### (Lack of Consideration)

The Defendant did not receive consideration under the terms of the Amendment and the Contract is therefore unenforceable as a matter of law.

### Eighth Affirmative Defense
### (Fraud)

Plaintiff's claims are barred due to Plaintiffs' fraud on Defendant.

### Ninth Affirmative Defense
### (Prior Breach)

Plaintiff's claims are barred due to Plaintiff's prior breach of the Repurchase Agreement.

## First Counterclaim
## False Pretenses, False Representations or Actual Fraud

1.     Defendant incorporates by reference is responses to the original Complaint, its Answer and Counterclaims and its answers to the Amended Complaint as if fully set forth herein.

2.     Defendant is an elderly, retired woman with limited education and experience in financial matters who lives at her home on America Street in Charleston.

3.     In 1998, when Defendant was in financial distress following the death of her husband, Plaintiff approached her, unsolicited, at her home and claimed he cold help her avoid foreclosure.  Plaintiff claimed that he could be her "guardian angel."

4.     Plaintiff is a real estate broker and claims to be an "expert" in residential real estate who represented to the Defendant that he could help her with her financial problems.

5.     At the time Plaintiff solicited Defendant, her home was in foreclosure and the balance of the mortgage was approximately $7,500.00.

6.     Plaintiff was aware of the foreclosure, the balance and the amount needed to reinstate the mortgage.

7.     Plaintiff, understanding that the Defendant was not sophisticated with regard to financial matters and realizing her vulnerability, proposed that Defendant deed her property to him as security for a loan, that she make certain loan

payments to him, and that, when the loan was repaid, he would deed the property back to her.

8.    Plaintiff drafted and presented to Defendant a Repurchase Agreement, which he represented to the Defendant was the only way to save her home from foreclosure.

9.    Defendant relied upon Plaintiff's representations and agreed to the terms without fully understanding what she was agreeing to by signing it.

10.    The Repurchase Agreement was, in legal effect, a mortgage refinance. However, Defendant was not represented by counsel, and all documents in connection with the transaction were prepared by the Plaintiff and presented to the Defendant without a full explanation of the legal effect or consequences.

11.    The Agreement on its face was outrageous and unconscionable in that it required payments of $219 per month for a period of 360 months or a total of $78,840.00 to be paid by the Defendant for an obligation in the amount of approximately $7,500.00.

12.    Plaintiff knew or should have known that the Defendant was relying on his expertise as a real estate "expert" and he took advantage of the Defendant's financial situation and vulnerability to her detriment.

13.    After Plaintiff procured Defendant's signature on the Repurchase Agreement, Plaintiff then facilitated the creation and execution of a deed of distribution from Defendant's recently-deceased husband's estate to Defendant dated February 9, 1998, and filed in the ROD for Charleston County at Book D297,

Page 381. Plaintiff improperly witnessed Defendant's signature on the deed of distribution despite his personal interest in the transaction.

14.   Plaintiff then prepared a deed conveying the Property from Defendant to him, which he recorded on February 12, 1998, at Book J297, Page 458.

15.   Plaintiff preyed upon Defendant's age, lack of sophistication in financial and real estate matters, the financial distress caused by the foreclosure and the recent loss of her husband to inducer her into an unconscionable loan transaction for his own benefit.

16.   Defendant paid Plaintiff monthly payments pursuant to the Repurchase Agreement in the amount of $219.00 from the execution of the Agreement until June 2016.

17.   In June 2016, Plaintiff again came to Defendant's home unannounced and unsolicited and told her that she still owed him $30,000.00 and that he needed to increase her loan payment to $860.00 per month beginning immediately. Plaintiff represented that this increase was required by increases in property taxes though he offered no evidence of the alleged increase and though he had failed in the past to make timely payments for taxes on the property.

18.   Plaintiff prepared an Amendment to the Repurchase Agreement dated June 28, 2016, and told Defendant that she had to sign the Amendment or she would lose her home.

19.   Believing that she again had no other option, Defendant reluctantly signed the Amendment.

20.    Defendant paid Plaintiff $860.00 per month from execution of the Amendment until June of 2019, at which time she had paid $30,000.00 to the Plaintiff, the full amount that he claimed she still owed him in June 2016.

21.    Although Plaintiff claimed that he had to increase Defendant's monthly loan payment due to increases in property taxes, Plaintiff repeatedly failed to pay taxes on the property, forcing Defendant and her family members to pay the taxes thereby forcing her to pay twice for the same expense.

22.    In September 2019, Defendant contacted Charleston Pro Bono Legal Services ("CPLS") regarding this matter. CPLS sent Plaintiff a letter on Defendant's behalf stating that the Repurchase Agreement constituted an equitable mortgage and that Defendant had satisfied any obligations due Plaintiff under the Agreement and demanding that the Plaintiff convey the property to the Defendant.

23.    In response, Plaintiff, for the first time, took the position that the Repurchase Agreement was, in fact, a lease, that Defendant was in default and that, in order to remain in her home, she would have to cure the default and pay him the market rent of $2,000.00 month.

24.    When Defendant did not pay Plaintiff further, he filed an application, for ejectment in the Magistrate's Court.

25.    Following a hearing, the Magistrate refused to grant the application, found that Defendant had stated a counterclaim for equitable mortgage, and referred the matter to the Circuit Court.

26.   After a hearing on a Motion for Summary Judgment, the Charleston County Master in Equity denied the Motion and set the matter for trial.

27.   On the eve of the trial, Plaintiff filed a Chapter 13 action and subsequently removed the case from the Court of Common Pleas to this Court.

28.   Plaintiff preyed upon Defendant's age, lack of financial sophistication while she was experiencing extreme financial distress to induce her to enter into a one-sided, unconscionable loan transaction.

29.   Plaintiff misrepresented his intentions and Defendant's situation, including, without limitation, by claiming he was her "guardian angel" and that his proposed plan was her only way of avoiding foreclosure.

30.   Plaintiff knew of the falsity of his representations and/or misrepresented the facts in knowing and reckless disregard of the truth or falsity of the representations.

31.   Defendant relied on the representations made by Plaintiff, and entered into an unconscionable loan agreement, and amendment, that she did not fully understand and that Plaintiff knew or should have known Defendant did not understand under which she paid approximately $78,000.00 for a mortgage obligation of approximately $7,500.00.

32.   Plaintiff's representations constitute false pretenses, false representations or actual fraud, knowingly made to induce Defendant to enter into the agreement and amendment, upon which Defendant reasonable relied and which caused the Defendant actual and consequential damages.

33.    Plaintiff's actions constitute fraud against the Defendant and Defendant is entitled to recission of the transaction and return of the property to her without encumbrance.

34.    The damages incurred by the Defendant are not dischargeable and the obligation represented by those damages should be excepted from discharge pursuant to 11 U.S.C. §523(a) and §1328.

### Second Counterclaim
### Violation of the Unfair Trade Practices Act

35.    Defendant incorporates by reference its responses to the original Complaint, its Answer and Counterclaims and its answers to the Amended Complaint as if fully set forth herein.

36.    Upon information and belief, Plaintiff engaged in willful and/or knowingly unlawful and deceptive trade practices in violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10 *et seq.,* including, but not limited to, inducing Defendant to enter into an unconscionable loan transaction and taking advantage of her age, lack of experience in real estate matters, lack of financial sophistication, financial distress and subsequently characterizing the transaction as a "lease" and attempting to evict Defendant.

37.    Defendant has suffered actual, ascertainable damages as a result of Plaintiff's unfair and deceptive trade practices, including, without limitation, paying substantially more in loan payments than she would have been required to pay to either reinstate her mortgage or payoff the mortgage obligation in 1998.

38.    Plaintiff's deceptive and unfair trade practices adversely affect the public interest and are capable of repetition.

39.    Based upon the foregoing, Defendant is entitled to judgment against the Plaintiff for actual damages, trebled pursuant to the Act, plus interest, attorney's fees and other costs arising out of Plaintiff's unfair and deceptive acts and trade practices.

**Third Counterclaim**
**Breach of Contract**

40.    Defendant incorporates by reference its responses to the original Complaint, its Answer and Counterclaims and its answers to the Amended Complaint as if fully set forth herein.

41.    To the extent the Court finds the Repurchase Agreement to be a valid contract, Plaintiff has breached the Repurchase Agreement and Amendment, in several respects, including, without limitation, by not reconveying the title to Defendant and failing to timely pay taxes on the property.

42.    Defendant has suffered actual and consequential damages as a result of Plaintiff's breaches of contract.

**Fourth Counterclaim**
**Declaration of Equitable Mortgage**

43.    Defendant incorporates by reference its responses to the original Complaint, its Answer and Counterclaims and its answers to the Amended Complaint as if fully set forth herein.

44.    The legal effect of the Repurchase Agreement was to create a security interest in the property as collateral for a debt from Defendant to Plaintiff.

45.    Defendant is entitled to a declaration that the Repurchase Agreement, as amended, constitutes and equitable mortgage and that Defendant has satisfied the debt in full and is the owner of the property, fee and clear of the equitable mortgage.

### Fourth Counterclaim
### Unjust Enrichment

46.    Defendant incorporates by reference its responses to the original Complaint, its Answer and Counterclaims and its answers to the Amended Complaint as if fully set forth herein.

47.    Defendant conveyed a non-gratuitous benefit to Plaintiff in the form of years of loan payments, payments of taxes and maintenance expenses in connection with the property.

48.    Defendant's payments to Plaintiff were made under circumstances that render it inequitable for Plaintiff to retain said payments.

49.    Plaintiff's retention of Defendant's payments and Plaintiff's efforts to evict Defendant from the property allowing him to enjoy the appreciation of the property without consideration to the Defendant, constitutes unjust enrichment.

50.    Defendant is entitled to the return of all payments made to the Plaintiff under the Repurchase Agreement and the Amendment.

## **PRAYER FOR RELIEF**

WHEREFORE Defendant prays for the following relief:

1.      Dismissal of the Plaintiff's claims, with prejudice;

2.      Judgment for Defendant for damages, attorney's fees and other costs associated with having to defend this action and bring these Counterclaims;

3.      An Order trebling the damages sustained by the Defendant for violation of the South Carolina Unfair Trade Practices Act together with costs and fees

4.      For an Order excepting the debt to Defendant arising from the acts of the Plaintiff from discharge pursuant to 11U.S.C. §523(a) and §1328;

5.      Return of the title to the property to Defendant; and

6.      For such other and further relief as the Court deems equitable, just and proper.

Charleston, South Carolina

April 27, 2023

*s/J. Ronald Jones, Jr.*
J. Ronald Jones, Jr.
U.S. District Court ID 5874
Smith Debnam Narron Drake
Saintsing & Myers, LLP
171 Church Street, Suite 120C (29401)
P. O. Box 22795
Charleston, SC 29413
Telephone:  (843) 714-2535
Facsimile:  (843) 714-2541
Email:  rjones@smithdebnamlaw.com

*Attorneys for Louise Grant*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| Scott Matthew Huggins, | ) | |
| | ) | Case No. 23-00184-eg |
| Debtor | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I, Crystal Patrick, Paralegal to J. Ronald Jones, Jr., do hereby certify that I served on the persons below a copy of the Amended Answer and Counterclaims in the above-referenced matter either by CM/ECF electronic mail or by depositing same in the United States Mail on 27th day of April, 2023, mailed, postage prepaid a true and correct copy of the foregoing Objection, addressed to:

Sean P. Markham
Markham Law Firm, LLC
PO Box 101
Mount Pleasant, SC 29465
*Attorney for the Debtor*

Scott Matthew Huggins
4170 Club Course Drive
North Charleston, SC 29420
*Debtor*

James M. Wyman
PO Box 997
Mount Pleasant, SC 29465
*Trustee*

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201
*US Trustee*

/s/ Crystal patrick
Crystal Patrick, paralegal to
J. Ronald Jones, Jr., ID: 5874
Smith Debnam Narron Drake
Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Telephone: (843) 714-2535
Email: rjones@smithdebnamlaw.com

Charleston, South Carolina
April 27, 2023